IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHEKIETA MORGAN,<br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, *Acting*<br>*Commissioner of Social Security*,<br>    Defendant. | )<br>)<br>)<br>)    Civil Action No. 15-00109-N<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Shekieta Morgan brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income ("SSI"). The parties have consented to the exercise of jurisdiction by, and this case has been ordered referred to, the undersigned United States Magistrate Judge for all proceedings in this Court pursuant to 28 U.S.C. § 636(c). *See* Docs. 22, 23. Oral argument was held on Wednesday, May 25, 2016. Doc. 24. Present were Monica Grecu, Esq., for Plaintiff and Patricia Beyer, Esq., for Defendant. *See* Doc. 21.

Upon consideration of the administrative record ("R.") (Doc. 14), Plaintiff's Brief (Doc. 18), and the Commissioner's Brief (Doc. 19), the Court has determined that the Commissioner's decision denying Plaintiff's benefits should be **REVERSED and REMANDED** under sentence four of 42 U.S.C. § 405(g).[1]

---

[1] Any appeal taken from this memorandum opinion and order and simultaneously entered separate judgment may be made directly to the Eleventh Circuit Court of Appeals. *See* Doc. 22.

## I. Procedural Background

Plaintiff filed an application for SSI on March 6, 2012 (*see* R. 163-168), alleging a disability onset date of August 4, 2011. *See* R. 167. Her application was initially denied. *See* R. 79-90. Hearings were conducted before Administrative Law Judge Renita Barnett-Jefferson ("the ALJ") on May 15, 2013. *See* R. 42-78. On September 19, 2013, the ALJ issued the decision, now before this Court, finding Plaintiff not disabled. R. 20-41. The Appeals Council issued a decision declining to review the ALJ's determination on January 5, 2015 (*see* R. 1-7), rendering the Commissioner's decision final for purposes of judicial review. *See* 20 C.F.R. § 404.981. Claimant timely filed a complaint in this Court on August 19, 2015. *See* Doc. 1.

## II. Factual Background

Plaintiff is a resident of Uniontown, Alabama, born September 12, 1985. R. 163. She was 27 at the time of the hearing before the ALJ. R. 42, 163. She completed high school with a general diploma.[2] R. 196. Plaintiff does not have any past relevant work. R. 35. She has not performed substantial gainful activity since before the alleged onset date of August 4, 2011. R. 25. Plaintiff suffers from a number of medical issues, including lumbago, chronic deep vein thrombosis, obesity, bilateral carpal tunnel syndrome, asthma, borderline intellectual functioning, depression, anxiety, and hypertension. R. 25. She has been treated by several medical professionals, including Timothy S. Baltz, M.D. and Perry Timberlake, M.D.

---

[2] The record reflects that Plaintiff completed high school but received a certificate through Special Education. R. 492.

R. 32, 34. At the time of her May 15, 2013, examination, Plaintiff was taking prescription medications for pain, anxiety, and asthma. R. 52-54.

### III. Claims on Appeal

On appeal to this Court, Plaintiff asserts that the Commissioner's decision to deny benefits is in error (*i.e.,* not supported by substantial evidence) on the following grounds:

1. The ALJ's . . . mental residual functional capacity assessment is not supported by substantial evidence because the ALJ erred in ignoring the impact of all of [Plaintiff's] physical impairments in her functional abilities.

2. The ALJ failed to adequately consider the objective evidence supporting [Plaintiff's] claim for intellectual disability.

Doc. 18 at 2.

### IV. Standard of Review

In all Social Security cases, a plaintiff (sometimes referred to as a claimant) bears the burden of proving that he or she is unable to perform his or her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether that burden has been met, and thus a claimant has proven that he or she is disabled, the examiner (most often an ALJ) must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history (*see id*); and, in turn,

uses a five-step sequential evaluation to determine whether the claimant is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the [residual functional capacity, or] RFC[,] to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Soc. Sec.*, 457 Fed. Appx. 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)).

If a plaintiff proves that he or she cannot do his or her past relevant work, it then becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Id.*; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, but importantly, although "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the Commissioner's decision to deny a plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla but less than a preponderance, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)

(*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). "Even if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is **supported by** substantial evidence." *Id.* (citing *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)) (emphasis added).

## V.     Analysis

**A.     The ALJ erred when considering the impact of Plaintiff's physical impairments on her functional abilities.**

Plaintiff contends that the ALJ's mental residual functional capacity (RFC) assessment was not supported by substantial evidence because the ALJ did not consider the impact of Plaintiff's physical impairments on her functional abilities. Doc. 18 at 2. Specifically, Plaintiff points to complaints in the medical record concerning knee pain, neck pain, migraine headaches, and arthritis in the knee. *Id.* Federal regulations require that

> [i]n determining whether [the Plaintiff's] physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, [the ALJ] will consider the combined effect of all of [the Plaintiff's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.

20 C.F.R. § 404.1523. An ALJ's "failure to consider [the Plaintiff's] physical impairments and pain complaints in combination . . . requires that [a] decision be reversed and remanded for reconsideration." *Walker v. Brown*, 826 F.2d 996, 1001 (11th Cir. 1987) *citing Hudson v. Heckler*, 755 F.2d 781, 785 (11th Cir. 1985). In determining the combined impact of a claimant's impairments on functional abilities, an ALJ may rely on the testimony of a vocational expert, but " 'the ALJ must pose a hypothetical question that which comprises all of the claimant's [severe] impairments.' " *Ingram v. Commissioner of Social Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007) *quoting Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). Failure to include all of a claimant's severe impairments in a hypothetical question posed to the vocational expert may be grounds for remand. *Id.*

> In the instant case, the ALJ stated that the Plaintiff had
>
> . . . the following severe impairments: lumbago, chronic deep vein thrombosis, obesity, status post carpal tunnel release of the right wrist, left carpal tunnel syndrome, asthma, borderline intellectual functioning, depression and anxiety . . .

R. 25. The ALJ also discusses Plaintiff's hypertension diagnosis, making reference to the medical records, and concluding that "[a]s it no more than minimally affects the claimant's ability to perform work-related activity, the claimant's hypertension has been assessed as a non-severe impairment. *Id.* A similar thorough discussion of the medical issues which Plaintiff points to in the instant assignment of error is not present in the ALJ's opinion. The pain issues which Plaintiff points to are subjective symptoms which may not require discussion by the ALJ. *See* 20 C.F.R. §§ 416.928(a), 416.929(c) *compare Dyer v. Barnhart*, 395 F.3d 1206, 1210-11 (11th Cir. 2005)

(Claimant alleging disabling pain must establish "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."). However, the Plaintiff's arthritis is a diagnosis made by Maurice J. Fitz-Gerald, M.D., and attested by laboratory results. R. 422 ("X-ray shows some arthritic changes.") *compare* 20 C.F.R. § 416.928(b)-(c). As such, the functional limitations placed on Plaintiff by her arthritis should have been considered in conjunction with her other impairments. *See* 20 C.F.R. § 404.1523. The fact that arthritis is not discussed in the ALJ's opinion, whereas a non-severe impairment (hypertension) was discussed (R. 25), leads the Court to conclude that the Plaintiff's arthritis was not considered. Additionally, if the arthritis were found to be a severe impairment, it should have been included in the hypothetical question posed to the vocational expert, but there is no way for the Court to determine whether it should have been included here. *See Ingram*, 496 F.3d at 1270.

Accordingly, the Court **SUSTAINS** Plaintiff's assertion that the ALJ reversibly erred by failing to properly consider the functional limitations caused by the combination of Plaintiff's physical impairments. On remand, the ALJ must consider all of Plaintiff impairments, in accord with federal regulation, and submit them in a hypothetical question to a vocational expert if appropriate. *See* 20 C.F.R. § 404.1523 *and Ingram*, 496 F.3d at 1270.

**B. The ALJ erred by failing to properly consider the objective evidence supporting Plaintiff's claim for intellectual disability.**

Plaintiff made a claim in her application for intellectual disability (Listing 12.05) and now argues that the ALJ failed to adequately consider the objective evidence supporting Plaintiff's claim. Doc. 18 at 4. Qualification under Listing 12.05 requires, among other possibilities, a "valid verbal performance or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." *See* 20 C.F.R. § 404, Subpart P, Appendix 1, § 12.05C. "To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002). The burden is on the Plaintiff to show that her limitations meet a listed impairment. *See Baron v. Sullivan*, 924 F.2d 227, 229 (11th Cir. 1991). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). The ALJ is not required to accept all IQ scores submitted to him and may evaluate the consistency of a score with the medical reports and other evidence in the record. *Popp v. Heckler*, 779 F.2d 1497, 1499-1500 (11th Cir. 1986) (ALJ may disregard IQ test results that are inconsistent with other record evidence because the regulations require the ALJ to examine intelligence tests and other evidence, such as the medical report and the claimant's daily activities and behavior).

On July 21, 2011, Alan D. Blotcky administered the WAIS-IV examination of intelligence quotient to the Plaintiff. R. 326-27. Plaintiff had a "Full Scale IQ of 62. These scores place [Plaintiff] in the Mildly Retarded range of intellectual abilities." R. 327. In addition to being evidence in itself, a "valid IQ score creates a rebuttable presumption that the claimant manifested deficits in adaptive functioning prior to the age of twenty-two," a requirement of Listing 12.05C. *Myers v. Colvin*, 2014 WL 4722213, *6 (S.D. Ala. Sept. 23, 2014) *citing Hodges v. Barnhart*, 276 F.3d 1265, 1268-69 (11th Cir. 2001); 20 C.F.R. § 404, Subpart P, Appendix 1, § 12.05C. "This presumption can be rebutted when the IQ score is inconsistent with record evidence of a claimant's daily activities and behavior." *Myers*, 2014 WL 4722213, *6 *citing Popp v. Heckler*, 779 F.2d at 1499-1500. The Eleventh Circuit has found that an ALJ did not err in finding that the *Hodges* presumption was rebutted where the claimant drove, prepared simple meals, dressed and groomed herself, attended church, and socialized with friends. *Hickel v. Comm'r of Soc. Sec.*, 529 Fed. App'x 980, 984 (11th Cir. 2013) ( "[A] valid I.Q. score need not be conclusive of mental retardation where the I.Q. score is inconsistent with other evidence in the record on the claimant's daily activities and behavior.").

The ALJ rejected the Plaintiff's IQ score for the purpose of Listing 12.05C's "full scale IQ of 60 through 70" requirement, saying that the

> record indicates that the claimant has a greater level of adaptive functioning than her July 2011 IQ score conveys. Specifically, the claimant has reported she independently cares for matters of personal hygiene, cares for her 2-year-old daughter, shops, and attends church . . . [T]he claimant passed the driver's license examination, graduated from high school, and cares for her minor child, all of which suggest her

> level of adaptive functioning is greater than her IQ score conveys and draws into question the validity of her IQ score.

R. 28. The everyday behaviors cited by the ALJ do not meet the level of adaptive functioning envisioned by *Hickel* for discounting a full-scale IQ score. *See* 529 Fed. App'x at 984. The claimant in *Hickel* drove, prepared simple meals, dressed and groomed herself, attended church, and socialized with friends. *Id.* The Plaintiff here does not drive due to anxiety issues (R. 48), but rather only has a driver's license after attempting the written portion of the driving test eight times. R. 53. She does not prepare meals or do household chores, relying on her grandmother to complete these tasks. R. 50-52. She does not shop, go to the grocery store, attend church, or visit with friends. R. 55, 58-59. While one of her children lives with her and is primarily cared for by her grandmother (R. 50), the Plaintiff's other two children were removed from her care due to Plaintiff's neglect. R. 285, 295. This set of circumstances does not reach the level of adaptive functioning articulated in *Hickel*. R. 28 *compare Hickel*, 529 Fed. App'x at 984. The ALJ erred in discounting the IQ result based on Plaintiff's level of adaptive functioning. *Id.*

Accordingly, the Court **SUSTAINS** Plaintiff's assertion that the ALJ reversibly erred by failing to properly consider the objective evidence supporting Plaintiff's claim for intellectual disability. On remand, the ALJ must properly consider all of the objective medical evidence supporting Plaintiff's claim, including presuming—if appropriate—that Plaintiff manifested defects in adaptive functioning prior to twenty-two.

*See* 20 C.F.R. § 404, Subpart P, Appendix 1, § 12.05C; *Popp,* 779 F.2d at

1499-1500; *Myers*, 2014 WL 4722213, *6 (S.D. Ala. Sept. 23, 2014) *citing Hodges*, 276 F.3d at 1268-69; *Hickel*, 529 Fed. App'x at 984.

## VI. Conclusion

Plaintiff has requested that this case be reversed and the Plaintiff found disabled, while alternatively requesting that the case be remanded to the ALJ "for further development." Doc. 18 at 7. Generally, remand to the Commissioner "is warranted where the ALJ has failed to apply the correct legal standards." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). This Court may enter an order "awarding disability benefits where the [Commissioner] has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Id. See also Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991) ("The credibility of witnesses is for the Secretary to determine, not the courts . . . The decision of the Secretary here, however, rests not so much on the credibility of the 'history of pain' presented by Carnes, as on the adoption of a legal standard improper under Listing 10.10(A). []The record in this case is fully developed and there is no need to remand for additional evidence. Based on the facts adduced below and after application of the proper legal standard, we hold that claimant met the requirements of Listing 10.10(A) as early as 1982."). Here, however, reversal is based on the Commissioner's failure to adequately consider the objective evidence concerning Plaintiff's arthritis and intellectual disability. *See, supra*. It is not clear that the cumulative effect of the evidence

establishes disability without any doubt.[3] Thus, the Court will reverse and remand this action to the Commissioner for further proceedings.

In accordance with the foregoing analysis, it is **ORDERED** that the Commissioner's August 23, 2013 final decision denying Plaintiff's application for DIB is **REVERSED** and **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g) (*see Melkonyan v. Sullivan*, 501 U.S. 89 (1991)) for further proceedings consistent with this memorandum opinion. This remand under sentence four of § 405(g) makes Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412 (*see Shalala v. Schaefer*, 509 U.S. 292 (1993)), and terminates this Court's jurisdiction over this matter.

Should Plaintiff succeed on her application for benefits following remand, under FED. R. CIV. P. 54(d)(2)(B), the Court hereby grants Plaintiff's counsel an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty-five days after the date of the notice of award of benefits from the SSA. *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam) ("FED. R. CIV. P. 54(d)(2) applies to a § 406(b) attorney's fee

---

[3] *Cf. Hildebrand v. Comm'r of Soc. Sec.*, No. 6:11-CV-1012-ORL-31, 2012 WL 1854238, at *7 (M.D. Fla. May 4, 2012) ("The errors noted here compel a return of the case to the Commissioner to evaluate the evidence and make findings in the first instance. For the reasons set forth above, the Court finds that certain of the conclusions of the ALJ were not made in accordance with proper legal standards and are not supported by substantial evidence. The Court does not find that only one conclusion can be drawn from the evidence; but that the conclusion that was drawn did not meet the standard of review. Under such a circumstance, it would not be appropriate for this Court to substitute its opinion of the weight to be given the evidence for that of the Commissioner. While the Court has the power to do just that in an appropriate case, the Court finds this is not such a case."), *report and recommendation adopted,* No. 6:11-CV-1012-ORL-31, 2012 WL 1854249 (M.D. Fla. May 21, 2012).

claim."); *Blitch v. Astrue,* 261 F. App'x 241, 242 n.1 (11th Cir. 2008) (per curiam) (unpublished) ("In *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273 (11th Cir. 2006), we suggested the best practice for avoiding confusion about the integration of FED. R. CIV. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for a plaintiff to request and the district court to include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. 454 F.3d at 1278 n.2.").

Final judgment shall issue separately in accordance with this Order and FED. R. CIV. P. 58.

**DONE** and **ORDERED** this the 23rd day of September 2016.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**
